42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lan Quy CHENH, Plaintiff/Appellant,
v.
Shirley LOGAN and Juleann Hornyak, Defendants/Appellees.
 No. 92-4016.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Nov. 29, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Lan Quy Chenh appeals the district court's dismissal of his complaint, brought under 42 U.S.C. Sec. 1983, as legally frivolous pursuant to 28 U.S.C. 1915(d). We remand to the district court for further proceedings.
 
 
 2
 Chenh, an inmate of the Dixon Correctional Center, sued the clerk and a deputy clerk of the Illinois Supreme Court, claiming that they violated his right to due process by forging a document informing him that his request for leave to appeal his state court conviction had been denied and by creating a "fake court file." The district court dismissed Chenh's complaint as frivolous. See Denton v. Hernandez, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319 (1989). We review for an abuse of discretion.
 
 
 3
 A claim is "factually frivolous" when it alleges facts that are "clearly baseless," "fanciful," "fantastic" or "delusional." Denton, 112 S.Ct. at 1730. However, a complaint "may not be dismissed ... simply because the court finds the plaintiff's allegations unlikely." Id. at 1733. Pro se indigent plaintiffs need liberal interpretation of their complaints for both their factual allegations and legal theories. Neitzke, 490 U.S. at 30 n. 5, 330-31. We conclude that Chenh's claims require further factual development to determine whether they are factually frivolous. It is not clear from the complaint whether Chenh is able to substantiate his claim of forgery and the creation of a "fake" court file.
 
 
 4
 We note that since the district court's decision, the Supreme Court issued Antoine v. Byers & Anderson, Inc., 113 S.Ct. 2167 (1993), discussing the application of judicial immunity to a court reporter. We express no opinion on the impact of Antoine to this case, but REMAND for further proceedings consistent with this opinion.[1]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 To the extent that Chenh challenges his state conviction and extradition, Sec. 1983 is not the proper vehicle and he has not named the proper defendants